FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW T FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | No. 2:25-CV-00455-RLP<br><br>ORDER DISMISSING CASE |

   Before the Court is Plaintiff Matthew Ferguson's Amended Complaint, ECF No. 8, and Motion for Reconsideration of Order Denying Preliminary Injunction as Moot, ECF No. 9. Mr. Ferguson appears *pro se*. By separate Order the Court granted Mr. Ferguson leave to proceed *in forma pauperis*. ECF No. 5. Defendants have not been served.

### LEGAL STANDARD

   A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is subject to *sua spone* review of his or her complaint, and mandatory dismissal, if the complaint

ORDER DISMISSING CASE * 1

is "frivolous, malicious, fail[s] to state claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 , 135 S.Ct. 1759 (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.")

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the

ORDER DISMISSING CASE * 2

elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. 1955.

## DISCUSSION

Mr. Ferguson's suit appears to stem from medical treatment he was denied at the Spokane Veterans Affairs Medical Center (VAMC). *See generally* ECF No. 8. Mr. Ferguson names the United States Department of Veterans Affairs, the Secretary of Veterans Affairs Doug Collins, and the Director of the Spokane VAMC Robert J. Fischer. *Id*. at 2. The latter two individuals are sued in their official capacity. *Id*.

FRCP 8(a)(1) requires a plaintiff to include a short and plain statement of the grounds for the Court's jurisdiction in his complaint. The United States and its agencies are immune from suit unless the United States has expressly waived its immunity. *Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). The Court lacks subject matter jurisdiction to hear claims against the United States and its agencies absent such a waiver. *Id*. "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016).

ORDER DISMISSING CASE * 3

The Court's prior Order to Amend or Voluntarily Dismiss Complaint indicated that Mr. Ferguson's original Complaint[1] failed to state a claim because he failed to allege that the United States had waived its sovereign immunity to suit. ECF No. 6. Nevertheless, Mr. Ferguson's Amended Complaint again fails to allege that the United States has waived its sovereign immunity. For the same reasons articulated in the Court's prior order, Mr. Ferguson's Amended Complaint likewise fails to state a claim for relief.

As Mr. Ferguson's original Complaint failed to state a claim upon which relief could be granted, he was not entitled to a preliminary injunction. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (preliminary injunctions require a clear showing that plaintiff is entitled to such relief). Mr. Ferguson's motion for reconsideration does not dispute this, and it is therefore denied.

---

[1] Mr. Ferguson also moves for reconsideration of the Court's order, alleging the docket does not include his original Complaint. ECF No. 9. Mr. Ferguson attached a copy of his original Complaint to his motion. ECF No. 9 at 9-14. Review of this attached copy confirms that Mr. Ferguson's original Complaint was docketed, and the Court's prior Order to Amend or Voluntarily Dismiss was based on review of this Complaint.

ORDER DISMISSING CASE * 4

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Mr. Ferguson's Amended Complaint contains the same deficiencies as his original Complaint, despite the Court's previous order to amend. The Court therefore concludes that the United States has not waived its sovereign immunity to Mr. Ferguson's claims, and that providing Mr. Ferguson a third attempt to state a claim would be futile. For that reason, the Court dismisses Mr. Ferguson's suit for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff Matthew Ferguson's Amended Complaint, **ECF No. 8**, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

2. 2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

3. Mr. Ferguson's outstanding Motion for Reconsideration of Order Denying Preliminary Injunction is **DENIED**.

//

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff and counsel, and **CLOSE** the file.

DATED December 4, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING CASE * 6